UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRIAN REW, a single woman,<br><br>                  Plaintiff,<br><br>       vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                  Defendant. | No. CV-13-0365-JLQ<br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER |

      BEFORE THE COURT is the parties' "Stipulated Protective Order" (ECF No. 13) noted for hearing on July 7, 2014. Counsel are cautioned to draft future requests as a Stipulated *Motion* for an Order and note such a motion for hearing in compliance with Local Rule 7.1(h)(2)(A). If an expedited hearing is desired, a separate motion to expedite is required by Local Rule 7.1(h)(2)(C). Notwithstanding the foregoing, the court expedites the hearing of this matter and determines the Motion without oral argument.

      The parties have submitted a Stipulation agreeing to the entry of a protective order governing the confidentiality of documents and information produced in discovery. The proposed protective order includes a definition of "confidential material" as either "trade secret" or "research, development or commercial information," then designates two categories of material covered by the parties' agreement: 1)"proprietary, confidential claim training documents in effect at the time of the adjustment of the loss, responsive to discovery request"; and 2) "proprietary bonus or incentive materials in place at the time of the loss." Presumably these are documents are in Defendant's possession.

ORDER - 1

Federal Rule of Civil Procedure 26 confers "'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex re. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.2002) (*quoting Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). While the parties may agree among themselves to keep any matters confidential, this court enters confidentiality orders only when the parties allege specific facts which meet the "good cause" requirements of Fed.R.Civ.P. 26(c). *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004)(party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."). The court recognizes that some courts may issue stipulated protective orders routinely and this practice has been approved without requiring an advance showing of good cause. *See In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011)("When the protective order was a stipulated order and no party has made a good cause showing...[i]f a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material."). Nevertheless, it is this court's policy to adhere to Rule 26(c) and enter only narrowly drawn protective orders when there are specific facts or documents which meet the particular "good cause" requirements. The court is mindful of the "hazard[s] of stipulated protective orders" which "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). Blanket protective orders are by their nature overinclusive and even though stipulated, may not be entered under Rule 26(c). *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir.2003) (holding that the district court abused its discretion under Rule 26(c) by entering a blanket protective without requiring the party seeking protection "to show that specific discovery documents, whether eventually filed with the court or not, contained [confidential] information") (emphasis in original); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187

ORDER - 2

F.3d 1096, 1103 (9th Cir. 1999) (holding that blanket stipulated protective orders entered under Rule 26(c) "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document").

    Nothing precludes the parties from entering into a private confidentiality agreement with terms which address the use and dissemination of material produced in discovery and are tailored to the parties' concerns. The parties may renew the request for a protective order if there are concerns as to specific documents and if there are contentions that a party is violating a Protective Agreement entered into by the parties, but not the subject of a Protective Order.

    Accordingly, The parties' Stipulated United States' Motion for Protective Order (ECF No. 13) is **DENIED**.

    **IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

    **DATED** this 25th day of June, 2014.

                   s/ Justin L. Quackenbush
                   JUSTIN L. QUACKENBUSH
           SENIOR UNITED STATES DISTRICT JUDGE