UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRIAN REW, a single woman,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | NO. CV-13-0365-JLQ<br><br>**ORDER DENYING ALL PRETRIAL MOTIONS BY PLAINTIFF AND DEFENDANT** |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 16) and Motion in Limine (ECF No. 33) and Defendant's Motion for Summary Judgment (ECF No. 17), Motion in Limine (ECF No. 34), and Motion to Quash (ECF No. 49). The court heard oral arguments regarding all pretrial motions at the Pre-Trial Conference on September 19, 2014. Chad H. Freebourn, Nicholas D. Kovarik, and Whitney Norton represented Plaintiff Jerrian Rew ("Rew"), who was also present. John M. Silk and Sarah L. Eversole appeared on behalf of Defendant Safeco Insurance Company of America ("Safeco").

## I. Factual Background

The following is a brief synopsis of this case and does not constitute any findings of fact, which the court reserves for the bench trial.

On August 11, 2009, Rew's neighbors, the O'Briens, filed a lawsuit against her for timber trespass and emotional distress stemming from Rew's mistakenly cutting down three trees on the O'Briens' property. Rew hired attorney Greg Lockwood ("Lockwood") to defend her. The O'Briens hired Michael Felice ("Felice"). The lawsuit was tried at a three-day bench trial before Spokane County Superior Court Judge Kathleen O'Connor beginning on October 8, 2010. The court rendered an oral verdict against Rew, finding her liable for timber trespass, emotional distress, and treble damages totaling $35,300.

ORDER - 1

On October 14, 2010, Rew notified Safeco of the judgment and sent claims adjustor Jamee Griffin ("Griffin") the original Summons and Complaint the following day. On October 26, 2010, Safeco received discovery documents related to the timber trespass lawsuit from Lockwood. On October 27, 2010, Rew filed for Chapter 7 bankruptcy. Among other things, the bankruptcy application included the judgment award and Lockwood's attorney fees.

On November 2, 2010, Safeco retained attorney Michael Wolfe ("Wolfe") to research possible appealable issues. On November 4, 2010, Griffin telephoned Rew and explained that the homeowner's insurance policy covered at least part of the judgment, but that it was reserving its right because of the late notice.

Safeco sent Felice a settlement offer of $7,854, reflecting the judgment award amount minus the treble damages, on November 8, 2010. This offer was rejected. The following day, November 9, 2010, Griffin emailed Lockwood a copy of the reservation of rights letter, which outlined Safeco's decision that (1) there was a duty to defend, but under a reservation of rights due to the late notice, and (2) there was coverage under the policy for the timber trespass and emotional distress damages, but not the treble damages. A copy of the letter was mailed directly to Rew on November 16, 2010.

Safeco sent a second settlement offer to Felice of $7,854 on January 11, 2011, which was again rejected.

Rew's bankruptcy was discharged on February 2, 2011. Lockwood filed a declaration with the timber trespass court to prevent the entry of judgment against Rew due to her bankruptcy.

On September 21, 2011, Judge O'Connor found that Safeco had erroneously denied coverage on the entire award and was liable to the O'Briens for the full $35,300 judgment. Felice, on behalf of the O'Briens, filed a garnishment action in Spokane County Superior Court, naming Safeco as garnishee defendant. On May 25, 2012, Judge O'Connor ordered Safeco to pay the O'Briens $48,586.07, which it did on May 29, 2012.

ORDER - 2

## II. Analysis

### A. Summary Judgment Standard

"A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion." *Keenan v. Allan*, 889 F. Supp. 1320, 1335 (E.D. Wash. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The party seeking summary judgment has the burden of showing that there is an absence of a genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The Court must construe all facts in favor of the non-moving party." *Id.*

"The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial." *Id*. The function of the court at summary judgment is to inquire whether there are any factual issues that properly can be resolved by only a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 466 U.S. at 250.

### B. Parties' Cross Motions for Summary Judgment

Both parties have filed cross motions for summary judgment regarding whether Safeco acted in bad faith such that it violated its contractual duties to Rew along with RCW 19.86, the Consumer Protection Act and RCW 48.30, the Insurance Fair Conduct Act. These issues all hinge on whether Safeco, even if ultimately incorrect in its judgment, acted unreasonably under the circumstances. *See Mut. of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.* 169 P.3d 1, 8 (Wash. 2007). If so, the next issue would be whether Safeco's alleged unreasonable conduct proximately caused Rew any harm, resulting in damages. *Id.*

Rew has not shown that the undisputed facts establish that Safeco's conduct was unreasonable and proximately caused her damages. Conversely, Safeco has not shown that the undisputed facts establish its conduct was reasonable under the circumstances.

ORDER - 3

There are serious issues of material facts in these regards. Therefore, both parties' motions for summary judgment are Denied.

### C. Plaintiff's Motion in Limine

Rew's Motion in Limine lists numerous arguments that assert substantially similar positions found in the Motion for Partial Summary Judgment. Therefore, this Motion Denied.

### D. Defendant's Motion in Limine

Safeco requested the court to prohibit Don Kelley ("Kelley") from testifying on behalf of Rew, arguing he seeks to make improper legal conclusions regarding bad faith. While Kelley is not permitted to make any legal conclusions about whether Safeco committed bad faith as a matter of law, he is permitted to testify about whether Safeco's conduct was in keeping with industry standards. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). Therefore, this Motion is Denied.

### E. Defendant's Motion to Quash

Rew has issued a trial subpoena to Maryle Tracy, a claim's analyst for Safeco who lives in Sammamish, Washington. Safeco moved the court to quash this subpoena. Rew's attorneys have agreed to pay Tracy's expenses incident to her travel to Spokane to testify on Monday September 29, 2014. Safeco's Motion is Denied.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 16) is **DENIED**.
2. Plaintiff's Motion in Limine (ECF No. 33) is **DENIED**.
3. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**.
4. Defendant's Motion in Limine (ECF No. 34) is **DENIED**.
5. Defendant's Motion to Quash (ECF No. 49) is **DENIED**.
6. The Clerk shall strike Defendant's Motion to Expedite the Motion to Quash (ECF No. 48).

////////

////////////

ORDER - 4

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 19th day of September, 2014.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5